Bradley T. Austin, Esq.
Nevada Bar No. 13064
SNELL & WILMER LLP
1700 S. Pavilion Center Drive, Suite 700
Las Vegas, NV 89135
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
baustin@swlaw.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| RACHEL CHACON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VEGAS.COM, LLC,<br><br>Defendant. | Case No: 2:24-cv-2088-APG-EJY<br><br>**UNOPPOSED MOTION TO STAY DISCOVERY**<br><br>**(FIRST REQUEST)** |

Defendant Vegas.com, LLC ("Defendant" or "VDC") hereby submits its Unopposed Motion to Stay Discovery ("Motion")[1] pending the resolution of VDC's Motion to Compel Arbitration and to Dismiss Class Action Complaint ("Motion to Compel Arbitration/Dismiss") (ECF Nos. 15 and 16).[2] On February 19, 2025, VDC's counsel conferred with counsel for Rachel Chacon ("Plaintiff") (together with VDC, the "Parties") regarding the relief sought in this Motion, and Plaintiff's counsel does not oppose VDC's stay request pending the resolution of the Motion to Compel Arbitration/Dismiss.

---

[1] Because there are presently no pending discovery requests, VDC is not filing this as an emergency motion under LR 7-4. VDC reserves the right to file an Emergency Motion to Expedite a Ruling in the event that discovery is issued.

[2] VDC filed its Motion to Compel Arbitration/Dismiss on January 23, 2025. *See* ECF Nos. 15 and 16. On January 30, 2025, the Court granted the Parties' stipulation to extend Plaintiff's response deadline until February 27, 2025 and VDC's reply deadline until March 20, 2025. *See* ECF No. 25.

**I.   VDC Satisfies The Requirements For Issuance Of A Stay Pending Resolution Of Its Motion To Compel Arbitration/Dismiss.**

Courts have "broad discretionary power to control discovery." *Miller v. Republic Silver State Disposal, Inc.*, 2022 WL 4355595, at *1 (D. Nev. Sept. 19, 2022). Consistent with that discretion, this Court stays discovery when (1) good cause exists, and (2) the dispositive motion can be decided without further discovery.[3] *Bloom v. Zuffa, LLC.*, 2023 WL 6197341, at *4 (D. Nev. Sept. 22, 2023); *Schrader v. Wynn Las Vegas, LLC*, 2021 WL 4810324, at *4 (D. Nev. Oct. 14, 2021).

Good cause to stay discovery exists in this case, because conducting merit-based discovery before the issue of arbitrability is resolved "puts the cart before the horse." *See CIGNA Healthcare of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 855 (7th Cir. 2002); *Calkins v. Credit One Bank, N.A.*, No. 2:16-CV-2602-APG-NJK, 2017 WL 956195, at *2 (D. Nev. Mar. 10, 2017) ("[I]f Defendant is forced to move forward while the motion to compel arbitration is under consideration, it will have to engage in expensive discovery and, potentially, motion practice, that will be rendered useless if the Court grants its motion to compel arbitration."). Indeed, the Ninth Circuit has held that if a party is required to proceed with discovery while the enforceability of an arbitration agreement is still being litigated "'the advantages of arbitration – speed and economy – are lost

---

[3] While courts in this District sometimes perform a "preliminary peek" to determine whether there is a reasonable possibility or probability that the pending motion will be granted, the "preliminary peek" analysis does not make sense where—as here—the motion is unopposed. *Dep't of Emp. Training & Rehab. ex rel. Chagolla v. Lyft, Inc.*, No. 3:23-CV-00442-ART-CLB, 2025 WL 447747, at *3 (D. Nev. Feb. 7, 2025) (granting motion to stay without conducting preliminary peek analysis where the parties agreed to stay proceedings pending resolution of the outstanding dispositive motion). Regardless, although Plaintiff disputes that VDC can satisfy the preliminary peek analysis, VDC maintains that all of the requirements are met here because (1) the Motion to Compel Arbitration/Dismiss is potentially dispositive, (2) the Motion to Compel Arbitration/Dismiss can be decided without any discovery, and (3) there is a reasonable possibility or probability that the Motion to Compel Arbitration/Dismiss will be granted. *See Arik v. Meyers*, 2020 WL 515843, at *2 (D. Nev. Jan. 31, 2020) ("Applying the [preliminary peek] framework [], the Court finds that a stay of discovery is appropriate" because the motion to compel arbitration (1) "is potentially dispositive," (2) could be "decided without additional discovery," and (3) the magistrate judge "has taken a 'preliminary peek' at the underlying motion" and while "[i]t remains to be seen whether the district judge will be persuaded," the magistrate judge decided "there is a reasonable possibility or probability that the district judge will grant the motion to compel arbitration.").

forever,' a loss the Ninth Circuit describes as 'serious, perhaps, irreparable.'" *Winig v. Cingular Wireless LLC*, No. 06-4297, 2006 WL 3201047, at *2 (N.D. Cal. Nov. 6, 2006) quoting *Alascom, Inc. v. ITTN Elec. Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984); *see also Okada v. Nevada Prop. 1, LLC*, No. 2:14-01601, 2014 WL 6634446, at *2 (D. Nev. Nov. 21, 2014) (staying discovery pending decision on motion to compel arbitration and referring to the "key advantages of arbitration – speed and economy").

Simply put, requiring the "parties to proceed with the action pending a ruling on the motion to compel arbitration . . . would cause the party seeking to enforce the arbitration clause to be deprived of the inexpensive and expeditious means by which the parties had agreed to resolve their disputes." *Miceli v. Citigroup, Inc*, No. 215-01962, 2016 WL 1170994, at *2 (D. Nev. Mar. 22, 2016) (internal quotation marks omitted) (finding good cause to stay discovery pending resolution of defendants' motion to compel arbitration). Here, VDC wishes to avoid the time and cost of discovery until the Court has resolved the issue of the proper forum for this matter and decided VDC's Motion to Compel Arbitration/Dismiss. *Okada*, 2014 WL 6634446, at *2 (finding that "this is a case where a temporary stay of discovery will further the goal of judicial economy" and noting that "[d]iscovery is expensive").

While staying discovery will not cause any prejudice, VDC will be prejudiced if discovery proceeds due to the time and expense of discovery. *Bloom*, 2023 WL 6197341, at *4 (finding that "Defendants[] will be subject to significant burdens [and costs] absent a stay"). Staying discovery until the Court resolves the Motion to Compel Arbitration/Dismiss will conserve the Parties and the Court's resources and avoid potential waste. *See Okada*, 2014 WL 6634446, at *2 (finding that "this is a case where a temporary stay of discovery will further the goal of judicial economy"); *Bier v. Ashley Furniture Indus., LLC*, 2024 WL 1674166, at *1 (D. Nev. Apr. 17, 2024) (staying discovery to "prevent unnecessary costs and resources from being expended," because it would "result in economies and efficiencies for both the parties and the Court"). Indeed, Plaintiff does not oppose this Motion and has not taken the position that she will suffer any prejudice if the Motion is granted. Moreover, VDC is concerned that participating in discovery and other proceedings while the Motion to Compel Arbitration/Dismiss is pending could be viewed as a

waiver of its position that this matter should be arbitrated.

Furthermore, the "issues presented in the motion to compel arbitration . . . can be decided without any additional discovery." *Banq, Inc. v. Purcell*, No. 222-00773, 2022 WL 17823759, at *2 (D. Nev. Dec. 20, 2022); *Arik*, 2020 WL 515843, at *2 (finding that the "motion to compel arbitration can be decided without discovery."); *Okada*, 2014 WL 6634446, at *2 ("The issues before the Court in the motion to compel arbitration do not require further discovery, as the motion has been fully briefed and neither side has asserted the need for additional discovery prior to the Court's determination.").

## CONCLUSION

For the foregoing reasons, Defendant VDC respectfully requests that the Court (1) find that good cause exists for granting this unopposed Motion, and (2) stay discovery pending resolution of Defendant's Motion to Compel Arbitration/Dismiss (ECF Nos. 15 and 16).

Dated: February 19, 2025                    Respectfully submitted,

/s/ Bradley Austin
Bradley T. Austin, Esq.
Nevada Bar No. 13064
SNELL & WILMER L.L.P
1700 S. Pavilion Center Drive, Suite 700
Las Vegas, NV 89135

Timothy B. Hardwicke *(pro hac vice)*
Kathryn L. Couey *(pro hac vice)*
Miranda E. Wargo *(pro hac vice)*
GOODSMITH GREGG & UNRUH LLP
150 S. Wacker Drive, Suite 3150
Chicago, IL 60606
*Attorneys for Defendant Vegas.com, LLC*

IT IS HEREBY ORDERED that the Unopposed Motion to Stay Discovery (ECF No. 28) is GRANTED.

IT IS FURTHER ORDERED that if the Order addressing the Motion to Compel Arbitration and to Dismiss Class Action Complaint does not resolve this case in its entirety, the parties must file a notice with the Court no later than fourteen (14) days after such Order is issued identifying what claims remain to be resolved and any attendant discovery that must be done.

_____
U.S. MAGISTRATE JUDGE

Dated: February 19, 2025